UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Dametrice Pooler, | ) | C/A No. 2:19-CV-03347-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Versus | ) | |
| | ) | **DEFENDANTS'** |
| Alan Wilson, as Attorney General, State of | ) | **MEMORANDUM IN SUPPORT OF MOTION** |
| South Carolina and South Carolina Law | ) | **TO DISMISS, OR IN THE ALTERNATIVE,** |
| Enforcement Division (SLED), and John | ) | **MOTION FOR SUMMARY JUDGMENT** |
| Does 1-10, | ) | |
| | ) | |
| In Re: Forfeiture | ) | |
| Defendants. | ) | |

The Defendants, Alan Wilson, as Attorney General, State of South Carolina and South Carolina Law Enforcement Division (SLED) (hereinafter "these Defendants"), submit this memorandum in support of their motion to dismiss pursuant to Rules 12(b)(6), 8(a)(2), and 56, Fed. R. Civ. P., because Plaintiff's Complaint fails to state a claim upon which relief can be granted or in the alternative, that these Defendants are entitled to judgment as a matter of law.

**FACTUAL BACKGROUND**

Plaintiff's Amended Complaint alleges that on December 13, 2017, Plaintiff was the lawful owner of about One Hundred Four Thousand Five Hundred Ninety-Six Dollars ($104,596.00) in U.S. Currency, which was seized at her residence by Defendant SLED. (Complaint ¶¶ 10-11). This seizure was allegedly done despite Plaintiff making SLED aware that she claimed the money and despite Plaintiff never being arrested or charged with a crime. (Complaint ¶¶ 11-12). Plaintiff goes on to contend that the Defendants failed to bring forfeiture proceedings against Plaintiff within a reasonable time frame as required by Section 44-53-520(C) of the SC Code of Laws. (Complaint

¶ 13). Specifically, Plaintiff alleges that two years have passed since the seizure and the failure to institute the proper proceedings is unreasonable. (Complaint ¶ 14).

These Defendants deny that the money in question belonged to Plaintiff and believe that the valid Order of Forfeiture entered by The Honorable Jennifer B. McCoy on August 15, 2019, bars Plaintiff from bringing this action. Exhibit A. The money seized on December 13, 2017 was found in a bathtub with various narcotics and drug paraphernalia. *Id*. This was found during the arrest of Mr. Dwayne Walker and the money was presumed to be his. As such, the State of South Carolina filed a civil asset forfeiture action in December 2018, which resulted in the forfeiture. *Id*.

**STANDARD**

It has long been accepted that when considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. However, more recently in *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009), the Supreme Court stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " (Quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although "a complaint attacked by a Rule 12(b)6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

*Harris v. Option One Mortg. Corp.*, 261 F.R.D. 98, 104 (D.S.C. 2009).

> Under the Fed.R.Civ.P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Recent Supreme Court caselaw has interpreted this rule to require "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, --- U.S. ---- , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct at 1949. Recitals of the elements of a cause of action bolstered only by conclusory statements will fail to insulate a pleader from a motion to dismiss. *Id*.

Pursuant to *Iqbal* and *Twombly*, this court must undertake a two-prong approach in determining the sufficiency of plaintiff's complaint. First, bearing in mind that a court must accept as true all factual allegations in the complaint, this court must segregate allegations that are factually supported and those which are mere legal conclusions and not entitled to a presumption of truth. *Iqbal*, 129 S.Ct. at 1950. Second, this court must determine whether the remaining factual allegations in the complaint state a plausible claim for relief, based on "judicial experience and common sense." *Id*.

*Montague v. Dixie Nat. Life Ins. Co.*, 2010 WL 753342, 2 (D.S.C. 2010).

## ARGUMENT

For the reasons set forth below, Plaintiff's Complaint should be dismissed in toto due to Plaintiff's failure to state any claims upon which relief may be granted.

### A. Plaintiff has Failed to State a Claim as an Innocent Owner[1]

It has long been held that where the Court has jurisdiction of the res, its decree in rem upon the character or status of the subject matter is binding, not only on the parties and their privies but also upon all persons who might have asserted an interest therein. *Ex parte Kenmore Shoe Co.*, 50 S.C. 140, 154, 27 S.E. 682, 686 (1897). In rem judgments are conclusive evidence against all the world. *Id*. A judicial record is always admissible to prove the fact that a judgment has been rendered, the time of its rendition, and the terms and effect of the judgment, for the mere fact that

---

[1] If the Court finds the Plaintiff has stated a cause of action for innocent ownership then Defendant Wilson still must be dismissed based on his absolute immunity from suit. This is based on Defendant Wilson's prosecutorial immunity as Attorney General. *Williams v. Condon*, 347 S.C. 227, 250, 553 S.E.2d 496, 508 (Ct. App. 2001). Absolute immunity is extended to officials when their duties are functionally analogous to those of a prosecutor's, regardless of whether those duties are performed in the course of a civil or criminal action. *Schrob v. Catterson*, 948 F.2d 1402, 1411 (3d Cir. 1991) (holding prosecutors are entitled to absolute immunity for filing a forfeiture complaint and participating in forfeiture hearings). *Id* at 1408-17.

a judgment was given, this being a thing done by public authority, can never be considered a *res inter alios acta*, nor can the legal consequences of the rendition of such judgment be so considered. *Fitchette v. Sumter Hardwood Co.*, 145 S.C. 53, 68, 142 S.E. 828, 833 (1928). Courts have found court orders in civil forfeiture proceedings are admissible evidence in subsequent litigation because they are in rem determinations about the illegal character of the articles subject to forfeiture. *S.C. Dep't of Revenue v. Meenaxi, Inc.*, 417 S.C. 639, 649, 790 S.E.2d 792, 797 (Ct. App. 2016).

Additionally, despite the proliferation of forfeiture enactments, the innocence of the owner of property subject to forfeiture has almost uniformly been rejected as a defense. *CALERO v. PEARSON YACHT LEASING CO.*, 416 U.S. 663, 683, 94 S. Ct. 2080, 2092 (1974). The practice has been, and the law is, that the proceeding *in rem* stands independent of and wholly unaffected by any criminal proceeding *in personam*. *Id*. The South Carolina Code does allow for an innocent owner claim but is limited. *See* S.C. Code § 44-53-586. Section (b) allows the court to return any seized item to the owner if the owner demonstrates to the court *by a preponderance of the evidence* that the person or entity was not a consent party to, or privy to, or did not have knowledge of, the use of the property which made it subject to seizure and forfeiture. *Id*. (emphasis added).

 Plaintiff fails to plead any facts showing how the money was innocently owned, by her. While Plaintiff's Complaint does not have to prove by a preponderance of the evidence the money was innocently owned it must make more than naked assertions without any factual enhancements. Plaintiff has failed to do this. Thus, her innocent ownership claim against the forfeiture must be dismissed for failure to state a claim.

Even if the Court finds Plaintiff has pleaded enough facts to support their cause of action, Judge McCoy's Order is conclusive evidence against all the world that the money in question is

the proceeds from illegal drugs and that there was valid probable cause to seize it. *See* Exhibit A. The money was stored and hidden in close proximity to illegal narcotics providing probable cause to seize it. *Id*. Furthermore, Mr. Dwayne Walker's failure to respond to Requests for Admissions about the origin of the money being from illegal drug sales qualified as an admission the proceeds seized was, in fact, the product of illegal acts. *Id*. Mr. Dwayne Walker did not put forth any evidence demonstrating that the money was not, in fact, the product of illicit activity and did not assert it belonged to Plaintiff. As such, there was no evidence the proceeds were legitimate and it was held by the Court to be proceeds from illegal drug sales. *Id*.

Plaintiff cannot circumvent a valid *in rem* judgment, which binds not just parties to the action but anyone with an interest, by bringing the present action. It is well established that Judge McCoy's Order is binding on Plaintiff, despite whatever interest she may have had in the property. Judge McCoy acknowledges in her Order that Mr. Walker is the lone interested party in the forfeiture action. *Id*. Plaintiff failed to assert her ownership over the property and the judgment is binding on her, as an interested third-party, despite Plaintiff's lack of inclusion in the forfeiture proceedings. Plaintiff knew the money was confiscated and as such should have moved to be part of the civil forfeiture proceedings and provided the Court with evidence that the money was legitimate. Her failure to do so and the valid Order of Forfeiture precludes Plaintiff from now asserting a claim over the money and as such, Plaintiff has failed to state a claim upon which relief may be granted.

**B. Plaintiff has Failed to State a Claim for Conversion**

Conversion is defined as the unauthorized assumption in the exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the owner's rights. *Joe Hand Promotions, Inc. v. Double Down Entm't, LLC*, No. 0:11-cv-02438-MBS, 2014

U.S. Dist. LEXIS 32609, at *26 (D.S.C. Mar. 13, 2014) (citing *Moseley v. Oswald*, 376 S.C. 251, 254, 656 S.E.2d 380, 382 (2008)). Under South Carolina law, to prove the tort of conversion, the plaintiff must establish either title to or right to the possession of the personal property. *Id* (citing *Joe Hand Promotions, Inc. v. Pee Dee Benevolent Soc'y, Inc.*, 4:11-CV-2022-TLW-TER, 2012 U.S. Dist. LEXIS 82654, 2012 WL 2178706, at *6 (D.S.C. Mar. 12, 2012), *report and recommendation adopted*, 4:11-CV-2022-TLW-TER, 2012 U.S. Dist. LEXIS 82235, 2012 WL 2178629 (D.S.C. June 13, 2012)).

Here, Plaintiff did not have the right to possess the property as it has been conclusively found by a Court of Law that the money is the proceeds of illegal drug sales. *See* <u>Exhibit A</u>. Furthermore, the "assumption of the money" was not unauthorized[2], the critical element of a conversion claim. The money in question was seized based on valid probable cause and subject to forfeiture through a legitimate court proceeding and judgment. *Id*. As discussed above, Judge McCoy's Order binds the Plaintiff as an interested third-party. The Order is a binding valid judgment authorizing the forfeiture of the money at the exclusion of the owner based on the money being the proceeds of illicit activity. Thus, the money at question was not assumed without authorization. As such, Plaintiff has failed to state a claim upon which relief may be granted and dismissal is necessary.

### C.  Plaintiff has Failed to State a Claim for 42 U.S.C. § 1983

Plaintiff's Complaint alleges that Defendants John Does' 1-10 deprived Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth, Fifth,

---

[2] Even if the money is found to be taken without authorization, this claim should still be dismissed against Defendant Wilson as he was not involved in the initial seizure of the money, which was initiated by Defendants SLED and Defendants Does. Thus, Defendant Wilson did not assume without authorization the money, an essential element of conversion.

Eighth, and Fourteenth Amendments to the U.S. Constitution: a) the right to due process; b) the right to be free from excessive fines; and c) the right to be free from unlawful taking without just compensation. (Complaint ¶ 19). This claim cannot be sustained though based on Judge McCoy's valid order.

Judge McCoy found that there was valid probable cause, going as far as saying it was "abundantly clear that there was probable cause," to seize the assets in question. *See* <u>Exhibit A</u>. Thus, there was not an illegal seizure of the money causing Plaintiff a constitutional violation. Additionally, Courts have found that S.C. Code § 44-53-520 and 44-53-530 do not violate the takings clause because forfeiture takes place under the state's police power and the owners are provided with an opportunity to come forward after the seizure takes place and show why the property should not be forfeited. *Myers v. 1518 Holmes St.*, 306 S.C. 232, 411 S.E.2d 209, 1991 S.C. LEXIS 217 (S.C. 1991). As discussed below, the statutes relating to forfeiture do not violate the prohibition on excessive fines and do not violate due process. Thus, Defendants John Doe's enforcement of the forfeiture statute in South Carolina did not violate any of Plaintiff's Constitutional Rights. Thus, Plaintiff has failed to state a claim for which relief may be granted related to this cause of action and it should be dismissed in toto.[3]

**D.  Plaintiff has Failed to State a Claim for Unconstitutionality**

Plaintiff's final cause of action claims that the forfeiture statutes involved are unconstitutional as they violate the prohibition on excessive fines and violate due process.

---

[3] Even if this Court finds Plaintiff has stated a claim under 42 U.S.C. § 1983 against Defendants John Does 1-10, they must be dismissed from the case. All of Plaintiff's other claims fail and must be dismissed and a complaint may not stand against only unnamed, unserved defendants. *Song Chuan Tech. (Fujian) Co. v. Bank of Am.*, NA, Civil Action No. 2:16-3269-RMG, 2017 U.S. Dist. LEXIS 69524, at *13 (D.S.C. May 8, 2017).

### i.    *These Defendants did not Violate the Prohibition on Excessive Fines*

Plaintiff claims that S.C. Code Sections 44-53-520 and 44-53-530 violate the prohibition on excessive fines found in the Eighth Amendment of the U.S. Constitution and Article I, Section 15 of the South Carolina Constitution. (Complaint ¶ 28). The Eighth Amendment bars the government from collecting excessive fines as punishment for an offense. *United States v. Pinson*, No. 3:12-cr-00974-DCN, 2015 U.S. Dist. LEXIS 46247, at *19 (D.S.C. Apr. 9, 2015) (citing *States v. Blackman*, 746 F.3d 137, 144 (4th Cir. 2014)). "The touchstone of the constitutional inquiry under the Excessive Fines Clause [of the U.S. Constitution] is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *State ex rel. Wilson v. Ortho-Mcneil-Janssen Pharm*., 414 S.C. 33, 88, 777 S.E.2d 176, 205 (2015)( *see United States v. Bajakajian*, 524 U.S. 321, 334, 118 S. Ct. 2028, 141 L. Ed. 2d 314 (1998); *see also Medlock v. One 1985 Jeep Cherokee VIN 1JCWB7828FT129001*, 322 S.C. 127, 132, 470 S.E.2d 373, 377 (1996) (adopting the federal "instrumentality" standard in the context of civil forfeitures for purposes of South Carolina's "excessive fines" analysis)). The Court will only find a violation of the Excessive Fines Clause if the penalty is "*grossly* disproportional to the gravity of a defendant's offense." *Id*. (citing *Bajakajian*, 524 U.S. at 334 (emphasis added)). "The Ninth Circuit and other federal courts have consistently found that civil penalty awards in which the amount of the award is less than the statutory maximum do not run afoul of the Excessive Fines Clause." *Id*. (citing U*nited States v. Mackby*, 221 F. Supp. 2d 1106, 1110 (N.D. Cal. 2002) (citing cases from the First Circuit, Ninth Circuit, and D.C. Circuit)). This is so because legislative pronouncements regarding the proper range of fines "represent the collective opinion of the American people as to what is and is not excessive. Given that excessiveness is a highly subjective judgment, the courts should be hesitant to substitute their opinion for that of the people." *Id*. (citing

*United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1309 (11th Cir. 1999) (citing *Bajakajian*, 524 U.S. at 336)).

Here, it is clear that the forfeiture of the drug proceeds, found with narcotics, bears a rational relationship to the gravity of the conduct, selling illicit drugs. The illegal sale of narcotics is part of the larger drug crisis in America, which affects the safety and health of our society. As such, the conduct is considered to be anti-social behavior and is seriously punished in our code of laws. Furthermore, under S.C. Code § 44-53-375 the maximum fine for trafficking cocaine, what Mr. Walker was charged with, is $200,000.00. The maximum fine for intent to distribute marijuana, Mr. Walker's other charge, is found under S.C. Code § 44-53-370 and is $20,000.00. Thus, the total amount of fines for the illegal conduct related to the money is $220,000.00 and is less than the amount that was forfeited. As discussed above, it is irrelevant whether or not Plaintiff was charged or convicted of the crimes because the proceeding *in rem* stands independent of and wholly unaffected by any criminal proceeding *in personam.* Mr. Walker's charges for the narcotics found with the money subject to forfeiture bears a substantial relationship to the gravity of the offense. The money was found with narcotics, being sold by Mr. Walker, and was found to be the proceeds of illegal drug sales. *See* Exhibit A. The forfeiture proceeding was not an excessive fine used as a punishment because of this substantial relationship and the amount forfeited was less than the amount of the statutory maximums for his charges. Thus, because the forfeiture Order was constitutional it is binding on Plaintiff now.

### ii. *These Defendants did not Violate Plaintiff's Due Process Rights*

Plaintiff also asserts that S.C. Code Sections 44-53-520 and 44-53-530 violate her due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section Three of the South Carolina Constitution in that the forfeiture statutes (1) place the burden

on the property owner to prove their innocence, (2) unconstitutionally institutionally incentivize forfeiture officials to prosecute forfeiture actions and (3) do not mandate judicial review or judicial authorization prior to or subsequent to the seizure. (Complaint ¶ 29). Courts have held that if property seized is subject to forfeiture, the parties claiming an interest in the property must be afforded the basic due process notice and hearing and the opportunity to come forward and show if they can, why the res should not be forfeited and disposed of as provided by law. *Myers v. 1518 Holmes St.*, 411 S.E.2d 209, 212 (S.C. 1991) (citing *Moore v. Timmerman*, 276 S.C. 104, 109, 276 S.E.2d 290, 293 (1981)). Implicit in this is the idea that notice and hearing must be afforded after the property is seized and there is no authority that seizure of real property requires pre-seizure notice and hearing as the Plaintiff suggests. *Id*. In fact, the United States Supreme Court held that seizure for the purposes of forfeiture presents an extraordinary situation in which postponement of notice and hearing until after seizure does not deny due process. *Id* (citing *CALERO*, 416 U.S. at 680). South Carolina requires that, once property is seized, the court issue its rule to show cause to all persons with an interest in the property. *Id* (citing S. C. Code Ann. § 44-53-530(1) (Cum. Supp. 1990)). Thereafter, the judge must conduct a hearing to determine whether the property is, in fact, subject to forfeiture. *Id*.

Here, these Defendants complied with what both courts have found to be consistent with both the U.S. and SC Constitutions regarding post-seizure due process of money subject to forfeiture. Plaintiff was on notice of the seizure of the money[4] and as such, should have asserted her property interest to these Defendants. Plaintiff's Complaint only offers one naked assertion without factual enhancements that Plaintiff provided SLED with notice that she claimed the

---

[4] Plaintiff's Complaint alleges that she made Defendant SLED aware of her claim to the money at the time of the seizure. (Complaint ¶ 11). Thus, confirming Plaintiff was on notice of the seizure of her alleged property.

money. (Complaint ¶ 11). Without more Plaintiff cannot sustain a claim for due process violations because there is nothing on the face of her Complaint that shows that these Defendants would have assumed the money belonged to her. This is especially true considering the commingling of the money with the narcotics and other drug paraphilia. Based on the proximity of the money to the drugs and the arrest of Mr. Walker for such, it was validly presumed Mr. Walker was the owner of the money. Mr. Walker was provided due process by notice and a hearing regarding the forfeiture and Plaintiff never attempted to intervene in that action[5]. A Judge reviewed the evidence and entered a valid binding judgment on the matter. Thus, due process was provided and Plaintiff fails to state a claim upon which relief may be granted.

Furthermore, Plaintiff's assertion that the law unconstitutionally institutionally incentivized forfeiture officials to prosecute forfeiture actions. (Complaint ¶ 29) is wholly irrelevant to whether or not procedural due process was given through notice of and a hearing regarding the forfeiture. This is also true for Plaintiff's burden of proof argument. *Id*. Thus, Plaintiff's additional allegations relating to due process violations are unfounded and the cause of action must be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

WHEREFORE, based on the foregoing, these Defendants, respectfully request that the Court grant its motion and dismiss the Complaint in toto, or in the alternative grant the se Defendants' Summary Judgment on all causes of actions.

---

[5] Plaintiff attempted to file an Answer in the Forfeiture Action after Judge McCoy's Order was entered and after the time for appeal had passed. Plaintiff is now bound by the valid Forfeiture Order.

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC  29402
Phone: (843) 577-4435
Facsimile: (843) 722-1630
Email: Info@hoodlaw.com


**s/ Elloree A. Ganes**
Robert H. Hood, Jr. (6998)
Elloree A. Ganes (9022)
Alyssa L. Agostino (12960)

***Attorneys for the Defendants***
***Alan Wilson, as Attorney General, State of South***
***Carolina and South Carolina Law Enforcement***
***Division (SLED)***

**December 4, 2019**
Charleston, South Carolina