ELECTRONICALLY FILED - 2019 Aug 15 3:54 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802453

**Exhibit A**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY | ) | |
| | ) | |
| Alan Wilson, as Attorney General, | ) | C/A No. 2018-CP-08-02453 |
| State of South Carolina, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| One Hundred Four Thousand Five | ) | |
| Hundred Ninety-Six Dollars ($104,596.00) | ) | |
| in U.S. Currency, | ) | |
| | ) | |
| Defendant. | ) | |

This civil asset forfeiture action is before the Court on the State of South Carolina's motion for summary judgment against interested party, Mr. Dwayne Walker. A hearing was held on August 13, 2019 before the Honorable Jennifer B. McCoy, Circuit Court Judge. Assistant Attorneys General Wesley Vorberger, Harley Kirkland, and T. Parkin Hunter were present on behalf of the State of South Carolina and the Attorney General. Despite receiving notice, Mr. Walker did not appear for the hearing. By way of background, Mr. Walker was arrested on December 13, 2017 and $104,596.00 was seized from his home in Berkeley County. At the time of the seizure, the Defendant Property was found along with various narcotics, drug paraphernalia, and was hidden inside a bathtub. Aside from providing a general denial in his answer and producing some tax documents in response to Plaintiff's First Set of Requests for Production, Mr. Walker has not meaningfully engaged in this case. He has not responded to Plaintiff's interrogatories, requests for admissions, the State's instant motion for summary judgment, or provided any counter-affidavits. In conjunction with its motion, the State has submitted an affidavit from Special Agent Alex Blake at the South Carolina Law Enforcement

**Exhibit A**

Division, setting forth the facts of the seizure and demonstrating probable cause was present. Accordingly, the Court will grant summary judgment in favor of the State of South Carolina and the Defendant Property will be forfeited to the State.

## I.    Standard of Review

"Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."  Rule 56, SCRCP; *Knight v. Austin*, 396 S.C. 518, 521–22, 722 S.E.2d 802, 804 (2012).  "The purpose of summary judgment is to expedite the disposition of cases which do not require the services of a fact finder."  *Englert, Inc. v. Leafguard USA, Inc.*, 377 S.C. 129, 133–34, 659 S.E.2d 496, 498 (2008).  In determining whether summary judgment is appropriate, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party.  *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013). If a party opposing summary judgment relies solely upon pleadings, files no counter-affidavits, and makes no factual showing in opposition to motion for summary judgment, the trial court is required to grant summary judgment if, under facts presented by moving party, he was entitled to judgment as a matter of law. *Higgins v. Medical University of South Carolina*, 326 S.C. 592, 486 S.E.2d 269 (S.C. App. 1997).

## II.    Statement of Undisputed Facts[1]

On December 13, 2017, $104,596.00 was seized from Mr. Walker at 107 Amberside Drive, Goose Creek, South Carolina. The seizure was made incident to his arrest for possession with intent to distribute narcotics.  This money was found banded together with rubber bands in small denominations, hidden in a secret compartment underneath a bathtub, and found along

---

[1] Many of the following facts were admitted by Defendant via the general denial in his answer and his failure to respond to Plaintiff's request for admissions. *See* Part III.A. *infra.*

ELECTRONICALLY FILED - 2019 Aug 15 3:54 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802453

**Exhibit A**

with various drug paraphernalia in the residence. This seized money is proceeds derived from illegal drug sales. Notably, Mr. Walker did not pay taxes on any of the seized money and had no intent to report the money as income.

The State of South Carolina initiated this civil forfeiture action in December 2018 to have the seized money forfeited to that State of South Carolina. Upon proper service, Mr. Walker timely answered the complaint with two paragraphs:

1. The Defendant simply states the seized funds were proceeds from legitimate sources and his legal customers [sic] interests. The Defendant, Dwayne Walker, prays for relief and return of the $104,596.00

2. The defendant *neither admits nor denies* all other claims in the complaint at this time.

Answer ¶¶ 1–2 (emphasis added). The State then served discovery on Mr. Walker in the form of interrogatories, request for production of documents, and requests for admissions—all served at the same time. Mr. Walker only provided copies of his federal and state tax returns in response to the discovery requests. He did not respond to the interrogatories or requests for admissions.

### III.    Argument

#### A.    The State had probable cause to seize the $104,596.00.

In order for the Defendant Property to be forfeited to the State, it must be demonstrated that probable case existed for the seizure.

> Under the statutory scheme involved here, property is subject to forfeiture if used in certain specified ways. Such property is considered forfeited and transferred to the state "at the moment of illegal use." Once probable cause exists to believe the property was, or was intended to be, illegally used, it may be seized. This seizure, along with subsequent forfeiture proceedings, confirms the transfer made at the moment of illegal use.

*Medlock v. One 1985 Jeep Cherokee VIN 1JCWB7828FT129001*, 322 S.C. 127, 130–31, 470 S.E.2d 373, 376 (1996) (citations omitted) (citing and quoting S.C. Code Ann. § 44–53–520(a)–

ELECTRONICALLY FILED - 2019 Aug 15 3:54 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802453

Exhibit A

(b), (d)). Such forfeitable property includes: "all monies seized in close proximity to forfeitable controlled substances, drug manufacturing, or distributing paraphernalia, or in close proximity to forfeitable records of the importation, manufacturing, or distribution of controlled substances and all monies seized at the time of arrest or search involving violation of this article. . . ." S.C. Code Ann. § 44-53-520(a)(8).

Here, Mr. Walker has admitted, by virtue of both his answer and his failure to respond to requests for admissions, that the seizing agencies had probable cause to seize the money. South Carolina Rule of Civil Procedure 36(a) states:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . .
>
> *The matter is admitted* unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party . . . .

Rule 36(a), SCRCP (emphasis added). "Any matter admitted under this rule *is conclusively established* unless the court on motion permits withdrawal or amendment of the admission." Rule 36(b), SCRCP.

Here, Mr. Walker has failed to respond or object to the requests for admissions, which included requests to admit: "The seizing agency or agencies had probable cause to seize the money at issue," "[i]llegal drugs were found in the Residence at the time the $104,596 U.S.D. was seized," and the Defendant Property "was proceeds from illegal drug sales." (Requests for Admissions ¶¶ 8, 9, 15). In short, Mr. Walker failure to respond results in the admission that there was probable cause to seize the funds at issue.

ELECTRONICALLY FILED - 2019 Aug 15 3:54 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802453

**Exhibit A**

Further, Mr. Walker's general denial in his answer, to the extent it would not be considered an admission by the Court,[2] does not alter this conclusion.

> Rule 36(a) does not condition the binding effect of requests for admissions upon whether the requests address issues asserted or denied in the pleadings. Whether a request to admit alters the pleadings depends on the language of the particular request to admit. However, if the language of the request for admission specifically goes to an issue in the pleadings, the admission resulting from a party's failure to respond to the request may override the pleadings.

*Scott v. Greenville Hous. Auth.*, 353 S.C. 639, 650, 579 S.E.2d 151, 157 (Ct. App. 2003). That is to say, Mr. Walker's failure to respond to the State's request for admissions trumps his attempt to contradict the allegations in the Complaint by his two paragraph Answer. Thus, Mr. Walker has conclusively admitted the State had probable cause to seize the $104,596.00. (Requests for Admissions ¶ 15).

Lastly, even if this Court were to find Mr. Walker has not admitted there was probable cause to seize the money at issue, the affidavit and corresponding pictures of Special Agent Blake make it abundantly clear that there was probable cause. "Probable cause is defined as a good faith belief that a person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious person, under the circumstances, to believe likewise." *Gowdy v. Gibson*, 381 S.C. 225, 230, 672 S.E.2d 794, 796 (Ct. App. 2008), *aff'd*, 391 S.C. 374, 706 S.E.2d 495 (2011) (quotations omitted) (quoting *Lynch v. Toys "R" Us—Del., Inc.,* 375 S.C. 604, 616–17, 654 S.E.2d 541, 548 (Ct.App.2007)). Special Agent Blake's affidavit sets out that the money was found in the residence along with various narcotics, drugs paraphernalia, and was banded together in small denominations and hidden under a bathtub. (Blake Affidavit at ¶¶ 4–6). Even without the admissions, it is clear that there was probable

---

[2] "[A] bald general denial, bereft of any demand for proof, or averment of reasonable investigation or possession of knowledge by an adverse party or hostile person, constitutes an admission." 61A Am. Jur. 2d, *General Denial*, Pleading § 349.

ELECTRONICALLY FILED - 2019 Aug 15 3:54 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802453

ELECTRONICALLY FILED - 2019 Aug 15 3:54 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802453

**Exhibit A**

cause to seize the $104,596.00 from the residence, based upon how the money was stored and hidden and the close proximity of illegal narcotics.

**B.      Mr. Walker has admitted that the money was proceeds from illegal drugs.**

Notwithstanding a showing of probable cause, "[i]f the person from whom the monies were taken can establish to the satisfaction of a court of competent jurisdiction that the monies seized are not products of illegal acts, the monies must be returned pursuant to court order." S.C. Code Ann. § 44-53-520(a)(8). Yet here, by neglecting to answer any of the Request for Admissions, Mr. Walker has admitted "the $104,596.00 was proceeds from illegal drug sales." (Request for Admissions at ¶ 8). Thus, it is conclusively established that the drugs were the "products of illegal acts," foreclosing on Mr. Walker's ability to receive the money back. What is more, Mr. Walker has not provided any counter-affidavit to the contrary or even attempted to put forth any evidence clearly demonstrating that the Defendant Property was in fact "not the product of illegal acts." S.C. Code Ann. § 44-53-520(a)(8). In sum, there is no genuine dispute of material fact regarding the Defendant Property at issue: there was probable cause to seize it, and there is no evidence that it is otherwise legitimate money.

### IV.      Conclusion

In sum, Plaintiff's motion for summary judgment is hereby GRANTED in favor of the State against Mr. Walker. Notably, Mr. Walker was the lone interested party in the Defendant Property. Accordingly, Defendant Property is hereby FORFEITED to the State of South Carolina in the amount of $104,596.00, in accordance with S.C. Code § 44-53-530(e) and (f):

- $1,000 to the South Carolina Law Enforcement Division. *See* S.C. Code § 44-53-530(f).

**Exhibit A**

- $77,697 to be split evenly between the South Carolina Law Enforcement Division, Charleston County Sherriff's Office, and Mount Pleasant Police Department ($25,899 each). *See* S.C. Code § 44-53-530(e)(1).

- $20,719.20 to the South Carolina Attorney General's Office. *See* S.C. Code § 44-53-530(e)(2).

- $5,179.80 to the South Carolina State Treasurer and deposited to the credit of the general fund of the State. *See* S.C. Code § 44-53-530(e)(3).

The forfeiture of the Defendant Property is hereby CONFIRMED in accordance with S.C. Code § 44-53-530(a).


IT IS SO ORDERED.


_____
The Honorable Jennifer B. McCoy
Circuit Court Judge

August ___, 2019
Berkeley County, South Carolina

ELECTRONICALLY FILED - 2019 Aug 15 3:54 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802453

**Exhibit A**



Berkeley Common Pleas

**Case Caption:**   Alan  Wilson  , plaintiff, et al VS   One Hundred Four Thousand Five
                    Hundred Ninety-Six Dollars

**Case Number:**    2018CP0802453

**Type:**           Order/Summary Judgment

So Ordered

s/Jennifer B. McCoy #2764

Electronically signed on 2019-08-15 14:29:07    page 8 of 8

ELECTRONICALLY FILED - 2019 Aug 15 3:54 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802453