# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| DAMETRICE POOLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:19-cv-3347-DCN |
| vs. | ) |
| | ) **ORDER** |
| ALAN WILSON, as Attorney General of the | ) |
| State of South Carolina, SOUTH CAROLINA | ) |
| LAW ENFORCEMENT DIVISION, and JOHN | ) |
| DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The following matter is before the court on defendant Alan Wilson's ("Wilson") motion to dismiss, ECF No. 2, defendant South Carolina Enforcement Division's ("SLED") motion to dismiss or, in the alternative, for summary judgment, ECF No. 7, and Wilson and SLED's (collectively, "defendants") amended motion to dismiss or, in the alternative, for summary judgment, ECF No. 13. For the reasons set forth below, the court finds as moot Wilson's motion to dismiss and SLED's motion to dismiss, grants defendants' motion to dismiss in part, and remands the matter to state court.

## I. BACKGROUND

Plaintiff Dametrice Pooler ("Pooler") brings this action challenging a South Carolina civil in rem forfeiture action and alleging violations of her civil rights and common law conversion. On December 13, 2017, SLED agents arrested Dwayne Walker ("Walker"), Pooler's ex-boyfriend, in Pooler's home and charged Walker with possession with intent to distribute narcotics. Incident to the arrest, SLED agents discovered and seized $104,596.00 in cash (the "currency"), in small bills, bound together with rubber

1

bands, and hidden in a secret compartment underneath a bathtub in Pooler's home. Along with the currency, SLED agents discovered various narcotics in the hidden bathroom compartment. On August 13, 2019, Judge Jennifer McCoy held a forfeiture hearing in the South Carolina Court of Common Pleas for the Ninth Judicial Circuit, where she determined that the currency constituted proceeds of illegal drugs and forfeited it to the State of South Carolina, to be distributed among various state agencies.

On September 27, 2019, Pooler filed this lawsuit in the South Carolina Court of Common Pleas for the Ninth Judicial Circuit, bringing claims (1) challenging the validity of the South Carolina forfeiture proceeding under S.C. Code Ann. 44-53-586, (2) for violations of her civil rights under 42 U.S.C. § 1983, and (3) for common law conversion. ECF No. 1-1. Her second amended complaint added a fourth claim, which alleges that two South Carolina forfeiture statutes violate the United States and South Carolina constitutions. Pooler asserts her state law claims and unconstitutionality claim against all defendants; however, she brings her § 1983 claim against only John Does 1-10, who represent the unnamed SLED agents who seized the currency from Pooler's home (the "unnamed SLED agents"). On November 27, 2019, defendants removed the case to this court based on the court's jurisdiction over Pooler's federal claims under 28 U.S.C. § 1331 and over her state law claims under 28 U.S.C. § 1367. ECF No. 1.

On November 27, 2019, Wilson filed a motion to dismiss for failure to state a claim. ECF No. 2. On December 4, 2019, SLED filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. ECF No. 7. On December 11, 2019, Pooler responded to each of defendants' motions. ECF No. 9. And on December 18, defendants replied. ECF No. 13. On December 11, 2019, Pooler filed an amended

complaint. ECF No. 10. Accordingly, defendants filed an amended motion to dismiss or, in the alternative, for summary judgment on December 26, 2019. ECF No. 13. Pooler responded to the amended motion on February 6, 2020, ECF No. 21, to which defendants replied on February 13, 2020, ECF No. 22. Thus, this matter is ripe for the court's review.

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

If, on a motion to dismiss, the court considers matters outside of the pleadings, such as a party's supporting memoranda and attachments, the court treats the motion as one for summary judgment. Fed. R. Civ. P. 12(d). "The court shall grant summary

3

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. DISCUSSION

Defendants argue that each of Pooler's four claims fails to state a claim upon which relief can be granted. Because Pooler's claims under § 1983 and the United States Constitution serve as the basis for the court's jurisdiction over this matter, the court addresses each of those claims first. Finding that both are untenable, the court grants defendants' motion to dismiss with respect to those claims and remands Pooler's remaining claims to state court.[1]

**A. § 1983 Claim**

A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

---

[1] Wilson and SLED each filed their individual motions to dismiss, ECF Nos. 2 and 7, prior to Pooler amending her complaint. After Pooler amended her complaint, defendants collectively filed an amended motion to dismiss, ECF No. 13. Therefore, the court finds Wilson and SLED's individual motions to be moot and considers only their collectively filed amended motion to dismiss.

Pooler asserts her § 1983 claim against the unnamed SLED agents. In her amended complaint, Pooler alleges that the unnamed SLED agents "seized Plaintiff's U.S. currency and failed to institute forfeiture proceedings in a reasonable time against Plaintiff." ECF No. 10, Amended Compl. ¶ 4. Based on these two factual allegations, Pooler's amended complaint alleges that the unnamed SLED agents "depriv[ed] Pooler of [] clearly-established [sic] and well-settled constitutional rights protected by the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution." Id. at ¶ 4. In opposition to the motion to dismiss, however, Pooler asserts a different argument, one that is not factually supported by the allegations of her complaint. In her briefs, Pooler contends:

> Defendant Wilson instituted forfeiture proceedings against Mr. Walker, not Plaintiff, in the Berkley [sic] County matter. Patently absent from the order from the Berkley [sic] County matter [] is any reference to Plaintiff, any reference that due notice was provided to Plaintiff, or any mention whatsoever that Plaintiff had asserted any right or interest in the seized currency at issue.

ECF No. 21 at 20–21. Despite failing to allege the same in her complaint, Pooler now bases her entire § 1983 claim on the contention that the unnamed SLED agents violated her constitutional rights by failing to provide Pooler with notice of the underlying forfeiture action.[2] Indeed, in her briefs, Pooler relies on law that relates to the type of notice that the government must give an interested party to a forfeiture hearing. In short, Pooler's complaint alleges that the unnamed SLED agents violated her constitutional

---

[2] Pooler alleges in her complaint that the SLED agents' seizure of the currency violated her rights under the Fourth Amendment; however, she now fails to argue the same in response to the motion to dismiss. Therefore, the court does not consider the constitutionality of the unnamed SLED agents' seizure of the currency under the Fourth Amendment.

5

rights by unreasonably delaying initiation of a forfeiture proceeding, while her response to the motion to dismiss argues that the unnamed SLED agents violated her rights by failing to notify her of the underlying forfeiture proceeding. Both her allegations and her arguments must fail.

As an initial matter, the court must point out the strong factual implausibility of both the allegations in Pooler's complaint and her instant arguments with respect to her § 1983 claim, distinct as they may be. It seems very unlikely that SLED agents are responsible for initiating forfeiture proceedings or providing notice of such proceedings to interested parties. It seems more likely, and Pooler seems to recognize in her brief, that the Attorney General's Office would initiate such proceedings and provide such notice. See ECF No. 21 at 20 (noting that "Defendant Wilson instituted forfeiture proceedings" in this case). The implausibility of Pooler's allegations is reason enough for the court to dismiss Pooler's § 1983 claim against the unnamed SLED agents. See Twombly, 550 U.S. at 547 (noting that a plaintiff must "nudge[] [her] claims across the line from conceivable to plausible" to state a valid claim for relief). However, giving the benefit of every doubt to Pooler, the court will assume that the unnamed SLED agents are proper defendants to this allegation. Nevertheless, Pooler still fails to state a claim under § 1983 under both the allegation she asserts in her complaint and the argument she presents to the court in her briefs.

If the court focuses on Pooler's complaint, her claim fails because forfeiture proceedings were initiated within a reasonable time as a matter of law.[3] The test for

---

[3] Pooler's allegation that the unnamed SLED agents "failed to institute forfeiture proceedings in a reasonable time against [her]" is emblematic of her misunderstanding of civil in rem forfeiture actions. Amended Compl. ¶ 4. As the court discusses in greater

determining whether a delay in initiating a forfeiture proceeding violates the Eighth Amendment is the same as the speedy trial analysis under the Sixth Amendment. United States v. Eight Thousand Eight Hundred And Fifty Dollars ($8,850) in United States Currency, 461 U.S. 555, 564 (1983). That test requires the court to balance four factors: the "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. The Fourth Circuit has noted that "[t]he length of the delay and the reasons given for it by the government are the most important factors." United States v. Perez, 28 F.3d 1212 (4th Cir. 1994) (unpublished opinion). Here, the unnamed SLED agents seized the currency on December 13, 2017. The State of South Carolina initiated a civil in rem forfeiture proceeding against the currency in December of 2018. The law is clear that one year is a reasonable time between the seizure of property and the initiation of forfeiture proceedings. See Perez, 28 F.3d 1212 (finding fourteen months to be a reasonable delay). Therefore, Pooler's allegation in her complaint that the unnamed SLED agents' delay in initiating foreclosure proceedings violated her constitutional rights fails to state a claim upon which relief can be granted.

Pooler's argument that the SLED agents' failure to provide Pooler with notice of the forfeiture proceeding violated her constitutional rights likewise fails to state a claim upon which the court could grant relief. The court cannot grant relief on a legal theory that does not have a factual basis alleged in the complaint. Pooler does not allege in her complaint that the unnamed SLED agents failed to provide her with notice of the

---

detail below, the government initiates a civil in rem forfeiture proceeding against the property itself, not against the owner of the property or persons who have a colorable interest therein. Therefore, the court will construe Pooler's allegation to mean that the unnamed SLED agents delayed initiating the forfeiture proceedings against the currency.

forfeiture proceedings. In other words, even if Pooler had a constitutional right to notice of the forfeiture proceedings initiated against the currency, she has not alleged that those rights were violated by the unnamed SLED agents, the only defendant against whom her § 1983 claim is alleged. As such, her claim cannot stand. Therefore, the court grant defendants' motion to dismiss with respect to Pooler's § 1983 claim.

### B. Unconstitutionality Claim

Pooler's complaint alleges that S.C. Code Ann. §§ 44-53-520 and 44-53-530 are unconstitutional. To properly analyze the constitutional implications of South Carolina's forfeiture statutes, the court must discuss the somewhat counterintuitive nature of civil in rem forfeiture proceedings. "The critical difference between civil forfeiture and criminal forfeiture is the identity of the defendant. In civil forfeiture, the Government proceeds against a thing (rem). In criminal forfeiture, it proceeds against a human being (personam)." S.C. Dep't of Revenue v. Meenaxi, Inc., 790 S.E.2d 792, 797 (S.C. Ct. App. 2016) (citing Mims Amusement Co. v. S.C. Law Enf't Div., 621 S.E.2d 344, 348 n.4 (S.C. 2005)). The proper defendant in a civil in rem forfeiture is the property itself. Id. This unusual aspect of civil in rem forfeitures raises some issues in this matter that require the court's consideration.

The first issue the court must consider is whether Pooler has standing to challenge a civil proceeding initiated against property in which she claims an interest. Because Article III of the United State Constitution limits federal jurisdiction to "cases" and "controversies", a plaintiff must have standing to bring an action in federal court. "To establish standing, a plaintiff must show: (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that

8

the injury will be redressed by a favorable decision." Wikimedia Found. v. Nat'l Sec. Agency, 857 F.3d 193, 207 (4th Cir. 2017) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

A plaintiff seeking the return of forfeited property has standing to challenge the forfeiture where she "has a legally cognizable interest in the property" forfeited. United States v. $200,000 In U.S. Currency, 210 F. Supp. 3d 788, 792 (M.D.N.C. 2016), aff'd sub nom. United States v. Phillips, 883 F.3d 399 (4th Cir. 2018) (citing United States v. Real Prop. Located at 5201 Woodlake Drive, 895 F.Supp. 791, 793 (M.D.N.C. 1995)). One asserting an ownership interest must support the claim with evidence beyond a bare assertion of ownership. United States v. $7,000.00 in U.S. Currency, 583 F.Supp.2d 725, 729–730 (M.D.N.C. 2008). Instead, she must present "other indicia of true ownership." Id. at 730 (citing United States v. One Lot or Parcel of Ground Known as 1077 Kittrell St., Norfolk, Va., 947 F.2d 942, 1991 WL 227792, at *2 (4th Cir. Nov. 7, 1991) (unpublished table decision)). "Ownership may be established by proof of actual possession, control, title, and financial stake." United States v. $119,030.00 in U.S. Currency, 955 F.Supp.2d 569, 576 (W.D. Va. 2013). Further, a claimant must show a plausible source of the funds. $200,000 In U.S. Currency, 210 F. Supp. 3d at 794. Where a plaintiff challenges a forfeiture of property, the burden of proof is on the plaintiff to establish standing by a preponderance of the evidence. Id. (citing 119,030 in U.S. Currency, 955 F.Supp.2d at 576).

Here, in a spasm of chutzpah, Pooler asserts that she is the legal owner of the currency and that she earned the currency renting out various properties as a landlord. However, like the claimant in $200,000, Pooler has presented no evidence that the

9

currency was legally earned—she has produced no corroborating tax returns, no evidence of her rental business, nor any other evidence which might support her theory that she had a legal, colorable interest in the currency. Moreover, the currency was found in small bills, bound by rubber bands, hidden in a compartment under a bathtub, and surrounded by narcotics. In other words, the circumstances of the currency's seizure cast considerable doubt on Pooler's claim that it was obtained by legitimate means. The only evidence that supports Pooler's ownership of the funds is the fact that the currency was found in a bathroom in her home. Therefore, the court finds that Pooler does not have a "legally cognizable interest" in the currency and thus does not have standing to challenge the forfeiture.

Moreover, even if the court were to find that Pooler does have standing, the court would find that the South Carolina statutes she challenges do not violate the United States Constitution. First, the court finds it useful to define the scope of its constitutional inquiry. Discussed above, a civil in rem forfeiture action is unique in that it proceeds against a thing, the property, rather than a person. Nevertheless, the court will assume that Pooler has standing to challenge the forfeiture. Pooler's complaint alleges that the South Carolina forfeiture statutes themselves violate the constitution. Therefore, the inquiry for the court is not whether Pooler's constitutional rights were violated by the underlying forfeiture, but whether the statutes themselves are unconstitutional.

S.C. Code Ann. §§ 44-53-520 and 44-53-530 outline the general procedure for a forfeiture in South Carolina. While both statutes contain several, often tedious subsections, Pooler does not specify which aspects of the statutes allegedly violate the Constitution. Based on her arguments, the court will construe Pooler's claim to be that

the entire civil in rem forfeiture procedure in South Carolina is unconstitutional. Pooler challenges the constitutionality of S.C. Code Ann. §§ 44-53-520 and 44-53-530 under the Eight Amendment's prohibition on excessive fines and the Fifth and Fourteenth Amendments' guarantee of due process. Pooler also argues that the statutes violate the South Carolina Constitution. The court finds that the statutes do not violate the United States Constitution and declines to reach Pooler's claim with respect to the South Carolina constitution.

> With respect to her federal due process claim, Pooler argues that the statutes:
>
> violate due process under the Fifth and Fourteenth Amendments to the U.S. Constitutional and Article I, Section Three of the South Carolina Constitution in that the[y] (1) place the burden on the property owner to prove their innocence, (2) unconstitutionally institutionally incentivize forfeiture officials to prosecute forfeiture actions and (3) do not mandate judicial review or judicial authorization prior to or subsequent to the seizure.

Amend. Compl. ¶¶ 28–29. The court disagrees.

The Supreme Court has confirmed the constitutional legitimacy of state civil in rem forfeiture actions, noting that "state lawmakers, in the exercise of the police power, [are] free to determine that certain uses of property [are] undesirable and then establish a secondary defense against a forbidden use." Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 686 (1974). In that case, the Supreme Court explained that an individual who claims an interest in forfeited property is not denied due process by a state's in rem forfeiture of that property because the state has an important interest in ensuring that property is not used unlawfully. Id. In other words, the forfeiture is a judgment against the property and a legitimate exercise of a state's police power.

Moreover, the Supreme Court has specifically addressed and rejected Pooler's argument that an in rem forfeiture statute unconstitutionally shifts the burden of proof to

the innocent owner. Because an in rem action is initiated against property for a determination of whether that property was used illegally, the Supreme Court found that an innocent owner has no defense to the forfeiture where the property was found to be connected to criminal purposes. "It has long been settled that statutory forfeitures of property intrusted [sic] by the innocent owner or lienor to another who uses it in violation of [the law] is not a violation of the due process clause of the Fifth Amendment." Van Oster v. State of Kansas, 272 U.S. 465, 468 (1926). In other words, innocent ownership is irrelevant to the purported property owner's rights where the court determined that the property was used illegally. The Supreme Court has also considered and rejected Pooler's argument that the statutes "do not mandate judicial review or judicial authorization prior to or subsequent to the seizure." See Calero-Toledo, 416 U.S. at 680 (1974) (finding that the postponement of a hearing until after a seizure of property does not deny due process where the property is tied to criminal purposes).[4] Therefore, the court finds that the South Carolina forfeiture statutes do not violate the Fourteenth Amendment's guarantee of due process.

Next, the court addresses whether the South Carolina statutes violate the Eighth Amendment's prohibition against unreasonable fines. The Supreme Court has held that a civil forfeiture is a form of punishment and therefore "subject to the limitations of the Eighth Amendment's Excessive Fines Clause." Austin v. United States, 509 U.S. 602, 622 (1993). The Eighth Amendment "bars the government from collecting excessive fines as punishment for an offense." United States v. Blackman, 746 F.3d 137, 144 (4th

---

[4] Pooler does not provide legal support for her contention that the forfeiture statutes "unconstitutionally institutionally incentivize forfeiture officials to prosecute forfeiture actions", and the court therefore does not address it.

Cir. 2014). The Supreme Court has stated that "[i]f the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it is unconstitutional" under the Excessive Fines Clause. United States v. Bajakajian, 524 U.S. 321, 337 (1998). The Fourth Circuit "has distilled this standard to four factors: (1) 'the amount of the forfeiture and its relationship to the authorized penalty;' (2) 'the nature and extent of the criminal activity;' (3) 'the relationship between the crime charged and other crimes;' and (4) 'the harm caused by the charged crime.'" Blackman, 746 F.3d at 144 (quoting United States v. Jalaram, 599 F.3d 347, 355–56 (4th Cir. 2010)).

On their face, the South Carolina forfeiture statutes do not violate Eighth Amendment doctrine. The court will not construe a statute in such a way that allows for a constitutional violation when no violation is shown. See Rust v. Sullivan, 500 U.S. 173, 191 (1991) ("[a] statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score."). Moreover, the civil forfeiture of the currency in this case does not amount to an "excessive fine" under the Eighth Amendment. Because the in rem civil forfeiture proceeding was initiated based on the criminal behavior of Walker, the court considers whether the forfeiture amounts to an excessive fine based on his criminal activity. In relation to his arrest, Walker was charged with violating S.C. Code Ann. § 44-53-375 for trafficking cocaine and S.C. Code Ann. § 44-53-370 for trafficking marijuana. The former statute carries a maximum fine of $200,000 and the latter carries a maximum fine of $20,000. Therefore, the amount forfeited, $104,596.00, is not disproportional to the gravity of the Walker's offense. Thus, the forfeiture of the currency did not violate the

Eighth Amendment. Thus, the court finds that Pooler's unconstitutionality cause of action fails to state a claim as it relates to the United States Constitution.

### C. Pooler's Remaining Claims

A district court has discretion to dismiss remaining state claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where a case was removed to federal court on the basis of a federal claim that has been dismissed, a district court has discretion to remand the remaining state claims back to state court. Farlow v. Wachovia Bank of N. Carolina, N.A., 259 F.3d 309, 316 (4th Cir. 2001). "Courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Id. (citing Carnegie–Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988).

Here, after the court's dismissal of Pooler's claims with original federal subject matter jurisdiction, the claims that remain are a claim for common law conversion, a claim under S.C. Code Ann. § 44-53-586, and a claim that the South Carolina forfeiture statutes violate the South Carolina constitution. The resolution of Pooler's latter two claims implicate federalism concerns because each is based upon a South Carolina state statute and require a determination of South Carolina law. Moreover, S.C. Code Ann § 44-53-586 indicates clear legislative intent that a cause of action thereunder be brought in the South Carolina Court of Common Pleas, not in federal court. S.C. Code Ann § 44-53-586(a) ("Any innocent owner or any manager or owner of a licensed rental agency or

any common carrier or carrier of goods for hire may apply to the court of common pleas for the return of any item seized under the provisions of Section 44-53-520."). Therefore, the court declines to retain jurisdiction over Pooler's remaining state law causes of action and remands them to state court.

## IV. CONCLUSION

For the foregoing reasons the court **FINDS AS MOOT** Wilson's motion to dismiss and SLED's motion to dismiss, **GRANTS** defendants' motion to dismiss as to Pooler's federal claims, and **REMANDS** Pooler's remaining claims to the South Carolina Court of Common Pleas for the Ninth Judicial Circuit.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**April 3, 2020**
**Charleston, South Carolina**